IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-20137-JWL |
| ) | |
| MAURICE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's motion for early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1) (Doc. # 50). For the reasons set forth below, the Court **denies** the motion.

A district court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1). Whether to grant a motion to terminate a term of supervised release is a matter within the sentencing court's discretion. *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). "[E]arly termination is not warranted as a matter of course and is not necessarily warranted only because a person does what is expected on supervised release." *See United States v. Rutherford*, 2017 WL 2911780, at *1 (D. Kan. July 7, 2017)

(internal quotation omitted) (citing cases).  Rather, early termination is typically granted for new, unforeseen, or changed circumstances, such as exceptionally good behavior by the defendant.  *See id.* (citing cases).

The Court sentenced defendant to a term of eight years of supervised release, which term began to run in February 2015.  In seeking early termination, defendant argues that he completed various programs while in prison; that he is presently in good standing with the probation office; that he has been employed at various places during his supervised release; that he has lived in the Kansas City area with family at the same residence for his entire term of release; that he attends church and helps care for his family; and that his reintegration into the community is therefore complete.  The Government opposes the motion, arguing that this defendant should complete at least two-thirds of his term of supervised release.[1]  The probation office also opposes early termination for this defendant.

The Court concludes that early termination of defendant's term of supervised release is not warranted at this time, with less than half of his term expired.  Of particular concern to the probation office has been defendant's failure to find stable employment in the last year, as he has had a large number of different jobs during his term of release, he has not worked full-time since October 2017, and he has most recently been working only ten hours per week (far short of the office's expectation for defendant of 30 hours per week).  In addition, defendant's term of release has not been free of blemishes, as he failed one drug test and was convicted of a misdemeanor during this period.  Moreover, as the Government

---

[1] Defendant did not file a reply brief addressing the Government's arguments in opposition.

points out, defendant has had a previous term of probation revoked, which justifies a cautious approach to ending his court supervision. Finally, defendant has not explained how the requirements of his supervision are particularly onerous or would hinder him in the future.

Accordingly, the Court concludes that no exceptional circumstances warrant termination of defendant's term of supervised release at this time, and it therefore denies the motion. That denial, however, is without prejudice to the filing of a later motion for early termination as circumstances warrant.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for termination of his term of supervised release (Doc. # 50) is hereby **denied**.

IT IS SO ORDERED.

Dated this 14th day of May, 2018, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge