IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-20137-JWL |
| ) | |
| MAURICE WILLIAMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

In January 2009, defendant Maurice Williams, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), entered guilty pleas to distributing 5 grams or more of crack cocaine within 1000 feet of a school and possession of a firearm by a prohibited person. In April 2009, defendant was sentenced to 84 months imprisonment followed by eight years of supervised release. Defendant completed his prison sentence but, in November 2020, the court revoked defendant's supervised release based on numerous violations. The court sentenced defendant on the revocation to an 18-month term of imprisonment followed by two years of supervised release. His projected release date is January 22, 2022. This matter is now before the court on defendant's motion for a sentence reduction (doc. 68) pursuant to Section 404(a) of the First Step Act of 2018. As will be explained, the motion is denied.

18 U.S.C. § 3582(c)(1)(B) provides that a district court "may modify an imposed term of imprisonment to the extent otherwise permitted by statute." *See id.* Section 404

of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *See* Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" for purposes of that provision "means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." *See id.* § 404(a).

The government concedes that defendant clears the hurdles to eligibility under the First Step Act and that he does so even though he is currently serving a sentence for a revocation of supervised release. *See United States v. Woods*, 949 F.3d 934, 937 (6th Cir. 2020); *United States v. Venable*, 943 F.3d 187, 194 (4th Cir. 2019); *United States v. Holly*, 2020 WL 1974263, at *2 (D. Kan. Apr. 24, 2020), *aff'd*, 812 Fed. Appx. 790 (10th Cir. July 17, 2020). Under the present statutory scheme, defendant would not be subject to a five-year mandatory minimum sentence; rather, there would be no mandatory minimum sentence, his maximum exposure in terms of custody would be no more than 40 years, and his minimum term of supervised release would be six years. *See* Pub. L. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Thus, the Court concludes that defendant is eligible for a reduction of his revocation sentence under the First Step Act.

Section 404 of the First Step Act provides: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *See* Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222. Thus, relief under the First Step Act is completely discretionary. *See United States v. Brown*, 974 F.3d 1137, 1143-44 (10th Cir.

2020). Moreover, the First Step Act authorizes only an adjustment according to its terms—as if the Fair Sentencing Act had been in effect—and does not permit a plenary resentencing. *See id.* at 1144. The court is not required to conduct a hearing on the motion. *See United States v. Mannie*, 971 F.3d 1145, 1156 (10th Cir. 2020).

Exercising its discretion, the court declines to reduce defendant's revocation sentence. In his motion, defendant states his belief that he is eligible for a sentence reduction, but he has not suggested any reason why a reduction is warranted in his case. And as the government aptly highlights, defendant has continually demonstrated that he cannot meet the requirements of supervised release. He has violated the conditions of his release on numerous occasions, with multiple, serious violations culminating in the amended violation report filed in early November 2020. Continued incarceration is clearly appropriate and necessary. For these same reasons, while the government indicates that, at most, the court should simply reduce the defendant's overall term of supervised release from 8 years to the statutory minimum of 6 years, the court declines to do so.[1]

For the foregoing reasons, the court concludes in its discretion that defendant's revocation sentence should not be reduced, and it therefore denies defendant's motion.

---

[1] While it is not entirely clear from his pro se reply, defendant seems to suggest that if the court reduced his initial term of supervised release to 6 years, then he would be eligible for immediate release because he had already served six years before his supervision was revoked. The record does not support that argument. Defendant began his period of supervision in October 2015 and the amended violation report that resulted in the revocation was filed in November 2020, well within the hypothetical six-year period.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for a sentence reduction (doc. # 68) is **denied**.

**IT IS SO ORDERED**.

Dated this 29th  day of April, 2021, in Kansas City, Kansas.

> *s/ John W. Lungstrum*
> John W. Lungstrum
> United States District Judge